# Court of Appeals
## Tenth Appellate District of Texas

10-25-00019-CR

Adrian Broncha Alexander,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
19th District Court of McLennan County, Texas
Judge Thomas C. West, presiding
Trial Court Cause No. 2021-886-C1

JUSTICE HARRIS delivered the opinion of the Court.

### MEMORANDUM OPINION

Adrian Broncha Alexander was convicted of burglary of a habitation and sentenced to 10 years in prison. *See* TEX. PENAL CODE § 30.02.

Alexander's appellate counsel filed a motion to withdraw and a brief in support of the motion not only asserting that counsel has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous pursuant to the United States Supreme Court opinion in *Anders*, but also presenting nonreversible error in the judgment pursuant to this Court's order in *Allison*.

*See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order). *See also Cummins v. State*, 646 S.W.3d 605, 616(Tex. App.—Waco 2022, pet. ref'd).

Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-320 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing the *Anders* portion of this appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *Cummins v. State*, 646 S.W.3d 605, 620-621 (Tex. App.—Waco 2022, pet. ref'd).

As noted previously, despite finding no reversible error, counsel has presented one issue of nonreversible error, that being the assessment of

attorney's fees in the amount of $700.00. *See* TEX. CODE CRIM. PROC. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). The State has filed a brief in response to this alleged error, *see Cummins*, 646 S.W.3d at 615 (State is expected to file response addressing merits of nonreversible error presented in *Allison* brief), and concedes error. Thus, Alexander's issue of nonreversible error is sustained, and the trial court's assessment of court costs must be reduced by $700.00.

Accordingly, the trial court's Judgment Revoking Community Supervision, signed on January 9, 2025, is modified to reflect "Court Costs" as $1,345.00, and the trial court's judgment is affirmed as modified.[1]

Counsel's motion to withdraw from representation of Alexander is granted.

_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED:  June 5, 2025

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed as modified
Motion granted
Do Not Publish
[CR25]



---

[1] The Certified Bill of Costs should be revised to reflect the costs due in the judgment as now modified.